DAVID T. MALOOF
KIPP C. LELAND
MALOOF & BROWNE LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MITSUI SUMITOMO INSURANCE
CO., LTD.,

             *Plaintiff,*

    - against -

MAERSK A/S,

             *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**20-cv-2993**

**COMPLAINT**

Plaintiff Mitsui Sumitomo Insurance Co., Ltd. (hereinafter "MSI" or "Plaintiff") by its undersigned attorneys, Maloof & Browne LLC, for its Complaint, alleges on information and belief as follows:

## GENERAL ALLEGATIONS
## APPLICABLE TO ALL CAUSES OF ACTION

### JURISDICTION, VENUE AND PARTIES

    1.    This Court has subject matter jurisdiction as the claims arise under the Court's maritime jurisdiction pursuant to 28 U.S.C. section 1333 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

    2.    At all times material hereto, Plaintiff was and is a corporation existing under and by virtue of the laws of Japan with its principal place of business at 3 Chome-9 Kanda

1

Surugadai, Chiyoda City, Tokyo 101-0062, Japan, and who insured nonparty Sony Interactive Entertainment, Inc. (hereinafter "Sony"), the owner of the Shipment which is the subject matter of this action.

3. Defendant Maersk A/S (hereinafter "Maersk" or "Defendant") is a corporation or other business entity organized and existing under and by virtue of the laws of Denmark with agent offices located throughout the U.S. including the State of New York, and is engaged in business as a common carrier of merchandise by water for hire, and does business in the State of New York through its office located at 180 Park Avenue, Building 105, Florham Park, NJ 07932, United States.

4. Venue is proper here within the applicable maritime legal precedents and/or within the meaning of 28 U.S.C. § 1391(b) and/or (c) because both the Plaintiff and the Defendant have their affiliated U.S. offices in this District, or in the New York Metropolitan area, and as such they do business in and reside in the Port of New York and in this District. New York is the most convenient forum because several important witnesses are located in the State of New York and New York is the contractually agreed forum in which to file suit against Maersk pursuant to the terms of the bills of lading issued by Maersk.

## SHIPMENT 1

5. On or about April 22, 2019 there was shipped by Sony and delivered to Defendant Maersk in Qingdao, China a consignment consisting of 7560 Cartons of Computer Entertainment Systems, then being in good order and condition ("Shipment 1"). In consideration of certain agreed freight charges thereafter paid or agreed to be paid, Defendant Maersk agreed to transport and carry and/or broker and/or forward and/or otherwise arrange for transport of the Shipment by ocean vessel and then to continue by rail to Bolingbrook, Illinois, USA, and there

deliver the Shipment to Plaintiff's insured or its designee in the same good order and condition as when received. The Shipment is described in the Bill of Lading issued by Maersk bearing number 577952728 dated April 22, 2019, and/or such other documents as may be deemed to constitute receipts or parts of the contracts of carriage.

6. Thereafter, the Shipment was not delivered at destination in the same good order and condition as received, but on the contrary, a significant portion of the Shipment was missing at destination, all in violation of Defendant Maersk's obligations as a carrier and/or broker and/or forwarder and/or otherwise.

7. While the Shipment 1 was located at the Harvey, Illinois terminal of the Defendant's sub-contractor, Canadian National Railway, which was in the midst of a theft spree during 2019 with thieves regularly breaking container seals and pilfering from containers while still on the rail tracks, with wholly inadequate security, a significant portion of the Shipment was stolen. Altogether the Canadian National Harvey, Illinois Terminal had at least 95 thefts and 338 broken seals on containers in their care and custody during 2019 before implementing security upgrades.

8. Plaintiff MSI insured the Shipment against loss and damage. By reason of the loss described above, Plaintiff MSI was obliged to pay and actually paid the claim to Sony, the shipper and owner of the consignment, and incurred substantial additional other expenses, for which Defendant Maersk is legally liable. Plaintiff brings this action on its own behalf and as agent or trustee on behalf of all parties who may be or become interested in the subject Shipment as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

9. Plaintiff MSI and its assured have performed all conditions on their parts

to be performed.

10. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $120,000.00.

**SHIPMENT 2**

11. On or about July 3, 2019 there was shipped by Sony and delivered to Defendant Maersk in Shanghai, China a consignment consisting of 5880 Cartons of Computer Entertainment Systems, then being in good order and condition ("Shipment 2"). In consideration of certain agreed freight charges thereafter paid or agreed to be paid, Defendant Maersk agreed to transport and carry and/or broker and/or forward and/or otherwise arrange for transport of the Shipment by ocean vessel and then to continue by rail to Bolingbrook, Illinois, USA, and there deliver the Shipment to Plaintiff's insured or its designee in the same good order and condition as when received. The Shipment is described in the Bill of Lading issued by Maersk bearing number 597272772 dated July 3, 2019, and/or such other documents as may be deemed to constitute receipts or parts of the contracts of carriage.

12. Thereafter, the Shipment was not delivered at destination in the same good order and condition as received, but on the contrary, a significant portion of the Shipment was missing at destination, all in violation of Defendant Maersk's obligations as a carrier and/or broker and/or forwarder and/or otherwise.

13. While Shipment 2 was located at the Harvey, Illinois terminal of the Defendant's sub-contractor, Canadian National Railway, which was in the midst of a theft spree during 2019 with thieves regularly breaking container seals and pilfering from containers while still on the rail tracks, with wholly inadequate security, a significant portion of the Shipment was

stolen. Altogether the Canadian National Harvey, Illinois Terminal had at least 95 thefts and 338 broken seals on containers in their care and custody during 2019 before implementing security upgrades.

14. Plaintiff MSI insured the Shipment against loss and damage. By reason of the loss described above, Plaintiff MSI was obliged to pay and actually paid the claim to Sony, the shipper and owner of the consignment, and incurred substantial additional other expenses, for which Defendant Maersk is legally liable. Plaintiff brings this action on its own behalf and as agent or trustee on behalf of all parties who may be or become interested in the subject Shipment as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

15. Plaintiff MSI and its assured have performed all conditions on their parts to be performed.

16. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $20,000.00.

**FIRST CAUSE OF ACTION**
**(BROUGHT WITH RESPECT TO SHIPMENTS 1 AND 2)**

**BREACH OF CONTRACT AND/OR**
**<u>DUTIES UNDER COGSA, 49 U.S.C. § 30701</u>**

17. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

18. By reason of the foregoing, the Defendant Maersk was a common carrier of merchandise by water for hire, and/or otherwise was a carrier of merchandise and/or freight forwarder and/or broker and breached its duties as such under the Carriage of Goods by Sea Act,

46 U.S.C. § 30701, 49 Stat. 1207, and/or other applicable laws and/or under the applicable transportation contracts.

19. By reason of the foregoing, the Defendant Maersk has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $140,000.00.

## SECOND CAUSE OF ACTION
### (BROUGHT WITH RESPECT TO SHIPMENTS 1 AND 2)

### BREACH OF BAILMENT OBLIGATIONS

20. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

21. The Defendant Maersk was acting as a bailee of the Shipment at the time of the loss. The Defendant Maersk was thereby, or through its contractors, agents, servants or sub-bailees, a bailee who warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to it and to perform its services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendant Maersk breached those bailment obligations and negligently failed to deliver to Plaintiff's assured, or its designee, the Shipment in as good condition as when entrusted to it.

22. By reason of the foregoing, the Defendant Maersk has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $140,000.00.

## THIRD CAUSE OF ACTION
### (BROUGHT WITH RESPECT TO SHIPMENTS 1 AND 2)

### **NEGLIGENCE/GROSS NEGLIGENCE**

23. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

24. The Defendant Maersk, by its negligence and/or gross negligence, including its negligent entrustment/failure to carefully select its subcontractors, caused the damage to the Shipment. The facts indicate that Defendant may also well have failed to use reasonable care in handling the Shipment and/or in other ways which will be elucidated in discovery. The Defendant Maersk therefore improperly failed to deliver the Shipment to the consignee, or its designee, in as good condition as when entrusted to it.

25. By reason of the foregoing, the Defendant Maersk has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $140,000.00.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendant Maersk citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant Maersk on each of the Causes of Action for the amount of Plaintiff's damages, together with interest, costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:  Rye, New York
        April 13, 2020

MALOOF & BROWNE LLC

By: s/ David T. Maloof
    David T. Maloof, Esq.
    Kipp C. Leland, Esq.
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
E-mails: dmaloof@maloofandbrowne.com
         kleland@maloofandbrowne.com

*Attorneys for Plaintiff*

F:\WP-DOCS\1303.10\Pleadings\2 - Maersk\041320 FINAL Complaint - Maersk.doc